ALBERT BEAUFIRE v. THE STATE.

*No. 1203. Decided January 21st, 1897.*

**Malicious Mischief—Injuring, Etc., Property—Indictment—Must Allege Value.**

An indictment under Art. 791, Penal Code, injuring, etc., any real or personal property to be valid and sufficinnt, must allege the value of the property so injured, etc., because the value of the property is the criterion by which the punishment is ascertained. The value is a necessary element of the crime, and unless alleged the indictment is fatally defective.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

Appeal from a conviction for malicious mischief, in wilfully injuring a buggy; penalty, a fine of $1.

The charging parts of the indictment are set out in the opinion.

Defendant's motion in arrest of judgment called in question the validity of the indictment, "in that it failed to allege the value of the property injured."

*Walter S. Lemmon*, for appellant.—Under Art. 791, Penal Code, no offense can be committed, unless the property injured be of some value. And if of some value, then the offense is great or small in proportion to the value of said property.

If our contention, that no offense can be committed under Article 791, unless the property injured is of some value, be correct, then we think that the fact that the property injured must be of some value, is an essential element of the offense under said article, and being so, it is necessary to be alleged in the indictment, and therefore not being alleged, the indictment is fatally defective.

*Mann Trice*, Assistant Attorney-General, for the State.—The motion in arrest propounds, that, alleging the buggy to be the property injured, the indictment should have alleged the value of the buggy, failure to do which is fundamental error.

The question is respectfully submitted.

DAVIDSON, JUDGE.—Appellant was convicted of malicious mischief, under Art. 791 of the Penal Code of 1895, under an indictment (omitting formal parts) which charged as follows: that appellant "did unlawfully, wilfully, and mischievously injure certain property, to-wit: a buggy, by then and there removing from the spindle of said buggy a tap, then and there of the value of twenty-five cents, the said buggy being then and there the property of Charles Price, * * * against the peace and dignity of the State." Motion was made in arrest of judgment because the indictment was fatally defective, "in that it failed to allege the value of the property injured." The indictment alleges the injury to be done to a buggy by removing a tap which was of the value of twenty-five cents. This position of appellant, in our view of the law, is well taken. Art. 791 of the Penal Code of 1895 provides that: "* * * If any person shall wilfully or mischievously injure or destroy any real or personal property of any description whatever, in such manner as that the injury does not come within the description of any of the offenses against property otherwise provided for in this Code, he shall be punished by a fine not exceeding $1,000; provided, that when the value of the property injured is $50, or less, then and in that event, he shall be punished by fine not exceeding $200." It will be seen, by the terms of this statute, that the offense is a graded one, so far as the punishment is concerned. If the value of the property injured be in excess of $50, the punishment shall not be exceeding $1,000. If it be $50 or less, the punishment shall not exceed $200. The value of the property furnishes the basis or criterion by which the punishment is to be rated or ascertained. It is not the amount of the injury done to the property that affords the criterion, but it is the value of the property upon which the injury is inflicted. This indictment fails to allege any value to the buggy, which is the property injured, and only alleges the value of the tap which was taken off the buggy. As the statute has provided, as a part of the offense, that it is necessary to a proper punishment of the party violating the statute that the value of the property affords the criterion, it would seem to be a necessary element in the crime, and, if so, must be alleged in the indictment. This was not done in this case, and the motion in arrest of judgment should have been sustained. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Ordered Dismissed.*